# W. OTTMANN *v.* ALEXANDER YOUNG, Minister of the Interior.

## ORIGINAL.

SUBMITTED DECEMBER 19, 1899. DECIDED FEBRUARY 20, 1900.

FREAR AND WHITING, JJ., AND CIRCUIT JUDGE PERRY, IN PLACE OF JUDD, C.J., ABSENT.

Sec. 1, Ch. 61, Laws of 1898, provides that "in any district, town or place in which there is a license in existence for the selling at retail of spirituous liquors and the business of vending spirituous liquors at retail is actually carried on no" light wine and beer "license shall be issued within two miles from the place where business is being carried on under such license."

Held, that a renewal of a light wine and beer license cannot be issued within the prescribed limits after the issuance of a spirituous liquor

license therein, even though the latter was not issued until after the light wine and beer license was issued in the first instance.

That the restriction is not unconstitutional as not being uniform legislation.

## OPINION OF THE COURT BY FREAR, J.

This is a submission upon the following agreed facts: During the past year Ottmann has held a license for the sale of light wines and beer at his premises at Waikiki. When that license was granted there was not in existence any license for the sale of spirituous liquors at retail within two miles of said premises, but since then three such licenses have been issued, under two of which the business of vending such liquors is actually carried on. Ottmann applied for a renewal of his license but the Minister declined to grant it on the ground that he was prevented from doing so by the terms of the statute (Sec. 1, Ch. 61, Laws of 1898). It is agreed that if, in the opinion of the court, the statute does not prevent the renewal of the license, judgment may be entered directing the Minister to renew it, otherwise that this proceeding shall be dismissed.

The section of the statute in question provides for the issuance of what are commonly called light wine and beer licenses and then proceeds as follows:

"Not more than three of such licenses shall be issued for each of the Judicial Districts in the Republic, provided, however, that in any district, town or place in which there is a license in existence for the selling at retail of spirituous liquors and the business of vending spirituous liquors at retail is actually carried on no such license shall be issued within two miles from the place where business is being carried on under such license. Provided, however, that Nuuanu Valley, Waikiki and Kalihi in the District of Kona, Island of Oahu, shall for the purposes of this Act be each considered a Judicial District."

The question is whether this case comes within the restriction that no light wine and beer license shall be issued within two miles from the place where business is carried on under a spirituous liquor license.

One argument is that the restriction applies only where there was a spirituous liquor license "in existence" at the date of the Act and that therefore it does not apply in the present case since such licenses were not issued at Waikiki until after the Act took effect. But so far as the mere language of the restrictive clause is concerned the words "in existence" may refer to the date of the proposed issuance of the light wine and beer license quite as well as to the date of the Act, and when we consider the result we must hold that they do refer to the date of the proposed issuance and not to the date of the Act, for, if they referred to the date of the Act, no light wine and beer license could ever be issued in any particular locality if there had been a spirituous liquor licence in existence in that locality at the date of the Act even though it had afterwards expired and had not been renewed. The legislature evidently did not intend such a result.

The principal argument is this: That the restriction upon the power of the Minister to grant a license to sell light wines and beers within two miles from a place where the business of vending spirituous liquors is carried on under a license was not intended as a police regulation or for the protection of the public, as it might have been if the words were, "within two miles from a school or house of worship," but that it was inserted solely in the interests of vendors of spirituous liquors, and that while the holder of a light wine and beer license has no vested interest in his business as against the government (*Bradley v. Thurston,* 7 Haw. 523), yet he has as against holders of other licenses, and that therefore the restriction ought not to be held to apply to the case of a renewal of a license where the vendor of spirituous liquors has obtained his license since the granting of the light wine and beer license in the first instance. It is contended that there is a plain difference between the renewal of a license and the original issue of a license.

The statute does not in terms make any distinction between the renewal of a license and the granting of a license in the first instance. Nor is there such a distinction in law outside of the statute. There is no such thing as a renewal of a license under

the statute. In each instance the Minister simply grants a license for one year. The statute in no way refers to the renewal of a license. It treats all licenses as similar, whether first or subsequent licenses granted to the same or different persons for the same or different premises. Perhaps in the popular mind a difference is recognized, the thought being of the business which continues on under successive licenses rather than of the license which lasts only a year, and perhaps this should have some weight in construing a statute under some circumstances, but it should not be given sufficient weight to alter the plain meaning of a statute, the words of which should be taken in their usual sense unless there is sufficient to indicate that they were intended to be taken in some other sense.

Nor can it be said with reference to the circumstances of this case that the applicant has a vested right to carry on his business as against other licensees, though not as against the Government. Strictly speaking the question is not between him and other licensees but between him and the Government. And of course he is entitled to protection in the enjoyment of whatever vested rights or other constitutional rights he has, not only as against other licensees but as against the Government also. But the argument seems to be that, assuming that the restriction in question was intended to protect vendors of spirituous liquors, the legislature itself recognized certain rights in such vendors and therefore must be supposed to have intended to recognize similar rights in vendors of light wines and beers. The contention is based on the supposed policy of the legislature not to interfere with existing businesses rather than upon the law of vested rights. But the argument would seem to go too far. If the restriction were imposed solely for the benefit of spirituous liquor licensees, it was imposed, not to protect them in the enjoyment of a right to carry on the business (for they might continue to carry on the business whether any light wine and beer licenses were issued or not) but to grant them a monopoly in the business, and therefore the inference, if any, in favor of light wine and beer licensees would seem to be, not merely that they were intended to be

protected in the enjoyment of a right to carry on the business but that they were intended to be given a monopoly in case they obtained their licenses first—which the legislature clearly did not intend. At any rate it cannot be inferred from a general intention to protect spirituous liquor licensees (if there was such an intention) that there was a general intention to protect light wine and beer licensees, much less that there was an intention not to protect spirituous liquor licensees in case they received their licenses after a light wine and beer license had once been granted for the locality in question.

But must we assume that the restriction was imposed solely for the benefit of holders of spirituous liquor licenses? If it was,. it was, as we have seen, not merely to permit them to continue in the business, but to grant them a monopoly, and, as we have seen also, not a monopoly in favor of those in the spirituous liquor business at the date of the Act as against subsequent applicants for either spirituous liquor or light wine and beer licenses, but a monopoly in favor of all spirituous liquor licensees whether they had licenses at the date of the Act or subsequently obtained. them as against subsequent applicants for light wine and beer licenses. Such a construction certainly should not be favored. Was not the restriction intended rather, in part at least, as a police regulation—perhaps with a view to limiting the number of places where intoxicating liquor might be sold at retail in any particular locality? Or, perhaps, it may be explained as follows: The legislature by this Act authorized the issuance of light wine and beer licenses (at a fee, $200, much smaller than that for a spirituous liquor license, $1,000) in order to supply the demand (and incidentally to obtain a revenue) where (on account of the high fee and small population) there were no spirituous liquor licenses (that is, principally in the country districts) and at the same time and thereby to lessen or prevent the illicit manu-facture and sale and to some extent the use of more ardent: liquors; the object of the Act then would not require the issuance of a light wine and beer license where there was a spirituous

.liquor license, irrespective of the time when the latter was issued; hence the restriction irrespective of such time.

We have seen that the statute can not be construed to prohibit the granting of light wine and beer licenses only where a spirituous liquor license was in existence in the particular locality at the date of the Act. It prohibits the granting of licenses of the former class at least when a license of the latter class has first been granted even though after the date of the Act. There is not sufficient in the statute to justify a holding that there is no restriction against granting a second license of the former class where one has previously been granted before the issue of a license of the latter class or a holding that, where a light wine license has first been granted and then a spirituous liquor license, a second light wine license might be granted to the same holder on the expiration of his first license but a similar license might not be granted to a different person. It may be impossible to ascertain from the language of the restrictive clause all the intentions that the legislature had in imposing it; the statute may be construed according to the natural and ordinary meaning of the words used without doing violence to reason; to construe it as the plaintiff desires would require considerable stretching if not alteration of the language of the statute. If the legislature did not express what it meant, it and not the court is the proper body to amend the statute. To hold as plaintiff desires in this case would practically amount to an amendment, not a construction, of the statute.

It is further contended that the restriction is unconstitutional in that it is not uniform legislation but applies to certain localities only, namely, those within two miles of the place of business of a vendor of spirituous liquors. The particular provision of our constitution which it is claimed to violate is Section 2 of Article 1, which reads: "The Government is conducted for the common good, and not for the profit, honor or private interest of any one man, family or class of men." We cannot see wherein the statute violates this provision. The only authority cited in support of the argument, *Ex parte Falk*, 42 Oh. St. 638, is easily

distinguishable from this case. There would be more reason in holding that the restriction violated this provision if it should be construed as enacted solely in the interests of spirituous liquor vendors, as plaintiff contends on the question of the construction of the statute.

The case is dismissed.

*F. M. Hatch* for plaintiff.

*Deputy Attorney-General E. P. Dole* for defendant.